IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TODD ALAN DUELL,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>Defendants. | Case No. 25-cv-00248-DKW-KJM<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

Defendants, various government officials and entities from the State of California, move to dismiss Plaintiff Todd Alan Duell's pro se Complaint on various grounds, including lack of personal jurisdiction. The Complaint appears to allege that in some fashion, perhaps related to accounting, taxation, fraud, debt collection, and/or a combination of the same, Defendants have wronged Duell in violation of federal law. However construed, though, the Complaint alleges no action, event, or contact involving the State of Hawaiʻi. Instead, the Complaint appears to allege actions or events taking place in Ventura County, California and/or Colorado. As a result, the Court agrees that the Complaint must be DISMISSED for lack of personal jurisdiction over Defendants. Further, in light of Duell's opposition to the motion to dismiss, in which he appears to offer a

proposed amended complaint that does not cure any of Defendants' concerns, it would be futile to allow amendment. Therefore, for the reasons discussed further below, dismissal is WITHOUT LEAVE TO AMEND, but WITHOUT PREJUDICE to renewal in a different forum should Duell so choose.

## I.  <u>Background</u>

On June 17, 2025, Duell, proceeding without counsel, initiated this action with the filing of the Complaint against Defendants California Franchise Tax Board (CFTB), Selvia Stanislaus, Malia Cohen, California Department of Corrections and Rehabilitation (CDCR), and Jeff Macomber (collectively, the "California Defendants"). Dkt. No. 1. Liberally construed, Duell appears to allege that the California Defendants violated certain federal criminal and securities laws with respect to fraud, embezzlement, identity theft, and debt collection. *See id*. at 11-20. The Complaint does not allege that any of the California Defendants have a connection to the State of Hawaiʻi. *See generally id*. Instead, the Complaint unsurprisingly acknowledges that all of the California Defendants are "located in California." *Id*. at 4.

On July 14, 2025, the California Defendants filed the instant motion to dismiss, arguing that the Complaint should be dismissed without leave to amend on various grounds, including a lack of personal jurisdiction. Dkt. No. 13. On

July 23, 2025, Duell filed a "motion and order to strike Defendants motion to dismiss and … affidavit in support of second amended complaint", Dkt. No. 20, which the Court liberally construes as Duell's response in opposition to the motion to dismiss and a proposed amended complaint.[1]   On August 12, 2025, the California Defendants filed a reply.   Dkt. No. 24.   With briefing complete, this Order now follows.

## II.    <u>Legal Standards</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal due to a lack of personal jurisdiction.   When a defendant does so, "the plaintiff bears the burden of establishing that jurisdiction is proper."   *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).   As in this case, when an evidentiary hearing is not held, while the plaintiff cannot rest on the allegations of his complaint, uncontroverted allegations may be taken as true.   Further, although a court cannot take as true allegations that are contradicted by affidavit, factual disputes are to be resolved in the plaintiff's favor.   *Id*.

Because Duell is proceeding without counsel, the Court liberally construes his filings.   *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).   With that in

---

[1]Although Duell's July 23, 2025 filing is titled, in part, as a "motion and order to strike", nothing therein explains why the motion to dismiss should be stricken.   *See generally* Dkt. No. 20. Therefore, because there is no reason to do so, the Court declines to strike the motion to dismiss.

mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).   A court may, however, deny leave to amend due to undue delay, failure to cure deficiencies by amendments previously allowed, or where further amendment would be futile.   *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.   Discussion

The California Defendants argue that this case should be dismissed because: (1) it is barred by the Eleventh Amendment; (2) there is a lack of personal jurisdiction; and (3) the Complaint fails to state a claim for relief.   For the reasons discussed further below, the Court agrees that the Complaint clearly fails to allege personal jurisdiction over the California Defendants.   Further, in opposing dismissal, Duell provides no basis to believe amendment would cure this deficiency.   The motion to dismiss is, therefore, GRANTED on that basis alone.[2]

The U.S. Supreme Court has explained that personal jurisdiction encompasses two distinct concepts: (1) general personal jurisdiction; and (2)

---

[2]In other words, because it is unnecessary, the Court does not address the California Defendants' other arguments for dismissal.

specific personal jurisdiction.  *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1779-80 (2017).   Here, the Complaint alleges neither.

First, the "paradigm" forums for the exercise of general personal jurisdiction over a corporation are its place of incorporation and principal place of business, while, for an individual, it is the person's domicile.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).   The purpose of the inquiry is to ask whether a defendant is "'essentially at home in the forum State.'"  *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear*, 564 U.S. at 919); *see also Livnat v. Palestinian Authority*, 82 F. Supp. 3d 19, 30 (D.D.C. 2015) (explaining that it is "common sense" that the place where a government is "amenable to suit for all purposes is the place where it governs.").

Here, the Complaint alleges that all of the California Defendants are "located in California."   To the extent that alone is insufficient to show Hawaiʻi is not the "home" for any of the California Defendants, Duell provides no other reason, whether in the Complaint, his opposition, or the proposed amended complaint, for why Hawaiʻi should be viewed as the California Defendants' home. Rather, it would strain credulity, in light of the allegations of the Complaint and basic common sense, to believe that any of the California Defendants could ever

presently be considered "at home" in this State.   Therefore, the Court finds that general personal jurisdiction does not exist here.

Second, in order to exercise specific personal jurisdiction over a defendant, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself" of the forum.   *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 603 (9th Cir. 2018).   Additionally, "the claim must be one which arises out of or relates to the defendant's forum-related activities[.]"   Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable."   *Id.*

Here, the Complaint does not allege *any* Hawai'i-related activities of any type.   Instead, the <u>only</u> mention of Hawai'i is the assertion that Duell, *the plaintiff*, is a resident of this State, Dkt. No. 1 at 3, which is irrelevant to the analysis, *see Daimler*, 571 U.S. at 127 (explaining that "specific jurisdiction" concerns "the *defendant's* contacts with the forum") (emphasis added, quotation omitted).   Moreover, to the extent geographic contacts can be discerned from the Complaint, the only ones alleged therein involve "Ventura", "Superior Court of California, County of Ventura", and "Colorado".   Dkt. No. 1 at 5, 14-15.   In this light, the Complaint alleges no *defendant*-directed contact toward or availment of the State

6

of Hawai'i.   Therefore, the Court also finds that specific personal jurisdiction does not exist here.

In his opposition to the motion to dismiss, Duell's only response to the clear deficiencies in personal jurisdiction is to argue that "the issues" in this case are "Federal in nature and the States have no machinery to address administrative law for violations of the Internal Revenue Code."   Dkt. No. 20 at 21.   At best, however, the contention that this case concerns federal law and, thus, should be decided in federal court is one relevant to *subject matter* jurisdiction, <u>not</u> *personal* jurisdiction.   In other words, whether or not this case concerns federal law has nothing to do with whether a federal court sitting in Hawai'i can exercise personal jurisdiction over the California Defendants.

The proposed amended complaint also provides no basis for personal jurisdiction over the California Defendants.   Instead, apart from asserting that the allegations of the Complaint are "incorporate[d]" in the amended complaint, Duell merely seeks to add a claim "sounding in libel[]", while repeating that the California Defendants have allegedly violated federal laws.   Dkt. No. 20 at 30. Further, to the extent contacts are alleged in the amended complaint, they again concern the "County of Ventura".   *Id*. at 36.   Put simply, the proposed amended complaint does nothing to correct the defects in personal jurisdiction present in this

case.   As a result, because amendment would clearly be futile, the Court

DISMISSES the Complaint WITHOUT LEAVE TO AMEND.   *Erskine v. Fenn*,

2022 WL 260872, at *1 (9th Cir. Jan. 27, 2022) (affirming the dismissal without

leave to amend of pro se litigant's complaint "because it was clear that amendment

could not cure the lack of personal jurisdiction.").   However, because dismissal is

for lack of personal jurisdiction, it is WITHOUT PREJUDICE.   *See Fiorani v.

Berenzweig*, 441 F. App'x 540, 541 (9th Cir. July 6, 2011) (stating that a dismissal

for lack of personal jurisdiction should be *without* prejudice) (citing *Grigsby v.

CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985)).

## IV.    <u>Conclusion</u>

For the reasons set forth herein, the motion to dismiss, Dkt. No. 13, is

GRANTED, and this case is DISMISSED WITHOUT PREJUDICE and

WITHOUT LEAVE TO AMEND.

The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: August 27, 2025 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

Todd Alan Duell v. California Department of Corrections and Rehabilitation, et al; Civil No. 25-00248 DKW-KJM; **ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**